McKinney, J,,
delivered the opinion of the Court.
This was an application on behalf of the defendant, Jenkins, to quash three several executions, issued by a *82 Justice of the Peace, against him, as stayor, jointly with the principals, in the judgment.
The motion to quash was made absolute, and this, it is alleged, was erroneous.
On the 17th of February, 1859, three several judgments,. each for the sum of $485.05, were rendered by a Justice of Weakly County, in favor of the plaintiff, Martha B. Higgs, as assignee of George it. Brasfield, the payee, against William and Samuel Landrum, the makers, and Brasfield, the assignor, jointly.
Upon the Justice’s docket, the cases are severally stated, thus : “ Martha B. Higgs, assignee, vs. William Landrum, Samuel Landrum, and George R. Brasfield, assignor.
In the proper column of the docket, under the head of stayor, the name of W. H. Jenkins, the defendant, is entered as stayor, opposite each of the judgments. The Justice’s docket does not show, whether Jenkins was en. tered as stayor, for all the defendants, or only for the Landrums. The judgments were rendered by confession of all the parties — the assignors, as well as makers of the notes. The written authority to the Justice, from Jenkins, empowers him to enter the name of Jenkins, as stayor of the execution, upon three judgments, against the Landrums. The name of Brasfield is not mentioned; jn all other respects, the judgments are minutely and accurately described.
Upon the expiration of the stay, executions issued and were levied upon the property of Jenkins, the stayor, passing by the assignor, Brasfield: the Landrums, having in the mean time, become insolvent.
For Jenkins, the stayor, it is assumed, that, inasmuch *83 as tho order of liability of the parties to the judgment, is not stated, either in the judgment or execution, they are all equally liable — the assignor, Brasfield, as well as the makers of the notes — and that all must be proceeded against, and the property of all be exhausted, before proceeding against the stayor, and the Court so held. In this the Court erred.
This case is not governed by the provisions of the Code referred to, sec. 3028 to 8081, but by the provisions of secs. 1913 and 3062, which in substance provide, that where a surety or endorser is jointly sued with the principal, and execution is stayed at the instance of the principal without the request or consent of the surety or endorser, the stayor shall be liable in default of the principal, to pay the judgment and costs; and the first surety or endorser shall be exonerated, unless the first surety or endorser specially joined with the principal debtor, in procuring the stay.
The only point of difficulty is, as to the matter of fact, whether Jenkins became stayor at the instance of the Landrums alone, without the request or assent of Brasfield, or otherwise. The proof offered, to show that Brasfield probably did not join with the Landrums in procuring the stay, was rejected by the Court. Nevertheless, we think it may fairly be presumed, from the face of the instrument executed by Jenkins, and addressed to the Justice as an authority for entering the name of the former, as stayor, that he intended only to be the surety of the Landrums for the stay of executions. Such is the proper construction of the writing; and it is manifest that the Justice so regarded it, and considered the stay of execution as for the principal debtors only.
*84 By force of sec. 3061 of the Code, the stay of execution at the instance of the principal debtor, is wholly inoperative as to a surety or endorser, unless the latter “ assents in proper person, or by writing signed by him, showing that the stayor is entered, as such, at his instance and request.”
The Justice has no power to receive security for the stay, so far as regards the surety or endorser, without his express assent manifested in one or the other of the modes; and he should state specially upon his docket, how the fact was. The failure of the justice to do so, however, will not preclude the surety or endorser from showing by extrinsic evidence, that the execution was stayed at the instance of the principal debtor, without his assent or request.
It follows, that the judgment of the Circuit Court is erroneous, and it will be reversed.